UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC

Chapter 7
Case No. 22-43781-lsg
Hon. Lisa S. Gretchko

Debtor(s)
_____/

TIMOTHY J. MILLER, TRUSTEE,

    Plaintiff,

V

ELECTRONIC RENEWAL, LLC dba THE GOLDIE GROUP, and
WILLIAM BURROWS, jointly and severally,

    Defendants.
_____/

**COMPLAINT**

    NOW COMES Timothy J. Miller, the Chapter 7 Trustee of the bankruptcy estate of Staymobile Venture LLC, by and through his counsel OSIPOV BIGELMAN, P.C. and states as follows:

**Jurisdiction**

    1.    This is an adversary proceeding in bankruptcy brought by the Trustee pursuant to 11 U.S.C. §§ 544, 547, 548, and 502(d) to recover property of the estate and deny any present or future claim of the Defendant against the Debtor's estate.

    2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

**Facts**

3.  On May 9, 2022 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition.

4.  Timothy J. Miller, Trustee is the duly appointed Chapter 7 Trustee in this case.

5.  ELECTRONIC RENEWAL, LLC dba THE GOLDIE GROUP ("Goldie') is a Tennessee limited liability company whose resident agent is Stephanie Homesley, 1150 Antioch Pike Suite 400A, Nashville, TN 37211-3159.

6.  William Burrows is the CFO of Goldie.

7.  Goldie was a potential buyer of the Debtor in the months prior to Petition Date.

8.  Goldie is listed as an unsecured creditor in Schedule F of the Debtor's Bankruptcy Schedules.

9.  On May 4, 2022, five days prior to the Petition Date, William Burrows on behalf of Goldie recorded a UCC-1 financing statement claiming a security interest in the all of the assets of the Debtor ("Financing Statement"). **Exhibit A**.

10. Goldie is not a secured creditor and no security agreement exists.

11. There exists no factual or legal basis for William Burrows on behalf Goldie to have recorded the Financing Statement.

12. The Financing Statement is false and/or fraudulent.

13. The Trustee gave William Burrows and Goldie the opportunity to terminate the Financing Statement prior to the commencement of this action and they refused.

14. The Financing Statement was recorded within 90 days of the petition date.

15. Pursuant to Mich. Comp. Laws § 440.9501a, the Trustee or his agents will be filing a Fraudulent UCC Financing Statement Affidavit with the Secretary of State in order to terminate

the false and/or fraudulent Financing Statement.

16. Goldie's claim that they were granted a security interest in all assets of the Debtor and subsequent recording of the Financing Statement; thereby perfecting the alleged security interest constitutes a transfer (the "Transfer").

## Count I

## Declaratory Judgment

17. The Trustee incorporates all prior paragraphs by reference.

18. The Trustee seeks a declaration from this Court that the Financing Statement filed by William Burrows on behalf of Goldie is false and/or fraudulent.

19. The Trustee seeks a declaration from this Court that the Financing Statement filed by William Burrows on behalf of Goldie is void ab initio.

WHEREFORE, the Trustee requests that this Court declare the Financing Statement is (1) false and/or fraudulent, (2) void the Financing Statement ab initio, and (3) order the Secretary of State to terminate the Financing Statement.

## Count II

## Mich. Comp. Laws § 440.9501(7)

20. The Trustee incorporates all prior paragraphs by reference.

21. Pursuant to Mich. Comp. Laws § 440.9501(7), the Trustee is entitled to an order requiring the Secretary of State to terminate the Financing Statement and is entitled to the reimbursement of costs and attorney's fees from William Burrows and Goldie, jointly and severally, for the expenses incurred as a result of the false and/or fraudulent recording of the Financing Statement.

WHEREFORE, the Trustee requests that this Court enter an Order requiring the Secretary

of State to terminate the Financing Statement and granting judgment in favor or the Trustee and against William Burrows and Goldie, jointly and severally, in an amount equal to the filing fee of this adversary proceeding, and all costs and attorney's fees incurred by the Bankruptcy Estate as a result of the false and/or fraudulent recording of the Financing Statement that the Defendants caused to be filed.

## Count III

## Avoidable Preferential Transfer: 11 USC 547

22. The Trustee incorporates all prior paragraphs by reference.

23. 11 U.S.C. § 547 states in pertinent part:

> (b) […] the trustee may […] avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—(A) on or within 90 days before the date of the filing of the petition; […]
>
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

24. The Transfer constitutes a transfer of the interest of the Debtor in property.

25. To the extent Goldie is a creditor (which Trustee does not concede), the transfer was made for or on account of an antecedent debt.

26. The Transfer was made only 5 days prior to the Petition Date, and the Debtor was insolvent as of the Transfer.

27. The Transfer was made within 90 days of the Petition Date.

28. Unless the Transfer is avoided or the Financing Statement is otherwise terminated, the Transfer will enable Goldie to receive more than it would had the transfer not been made.

WHEREFORE, the Trustee requests this Court granting judgment in favor of the Trustee and against William Burrows and Goldie avoiding the Transfer and preserving the same for the Bankruptcy Estate pursuant to Section 551 of the Code, along with all costs, interest, and attorney's fees incurred.

## Count IV

## Avoidable Fraudulent Transfer: 11 USC 548

29. The Trustee incorporates all prior paragraphs by reference.

30. 11 U.S.C. § 548 states in pertinent part:

(a)(1)The trustee may avoid any transfer […] of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
[…]

> (B) (i)received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>> (ii) (I)was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>> (II)was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
>> (III)intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>> (IV)made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

31. To the extent the alleged Security Interest and Financing Statement is not otherwise terminated, Goldie's recording of the Financing Statement and perfecting of this security interest constitutes an obligation incurred by the Debtor under 11 U.S.C. § 548(a)(1).

32. The obligation was incurred only 5 days prior to the Petition Date, and therefore was made within 2 years of the date of the filing of the petition.

33. The Debtor received nothing in exchange for Goldie's recording of the Financing Statement, so the Debtor received less than a reasonably equivalent value in exchange for the obligation.

34. The Debtor was either insolvent on the date the obligation was incurred, became insolvent as a result of the obligation, or was engaged in business for which property remaining with Debtor was an unreasonably small capital.

WHEREFORE, the Trustee requests this Court granting judgment in favor of the Trustee and against William Burrows and Goldie avoiding the Transfer and preserving the same for the Bankruptcy Estate pursuant to Section 551 of the Code, along with all costs, interest, and attorney's fees incurred.

## Count V

### Denial of Claim: 11 USC 502(d)

35. The Trustee incorporates by reference all prior paragraphs.

36. 11 U.S.C. § 502(d) states in pertinent part:

> (d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542[…], unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section […] 542[…] of this title.

37. The Transfer is recoverable from Defendant pursuant to 11 U.S.C. § 542.

38. Despite request, the Defendant has not turned over the Remaining Funds.

39. Any present or future claims of Defendant against Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, Plaintiff requests that pursuant to 11 U.S.C. § 502(d), the Court disallow any present or future claims the Defendants may have against Debtor's estate.

Respectively Submitted,

**OSIPOV BIGELMAN, P.C.**

*/s/* Jeffrey H. Bigelman
Jeffrey H. Bigelman (P61755)
Attorneys for Chapter 7 Trustee
20700 Civic Center Dr. Suite 420
Southfield, MI 48076
(248) 663-1800
jhb@osbig.com

# Exhibit A

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

Michigan Department of State - Uniform Commercial Code

**Filing Number: 20220504000853-1**
**Filing Date and Time: 05/04/2022 03:22 PM**
Total Number of Pages: 1

*(This document was filed electronically)*

A. NAME & PHONE OF CONTACT AT FILER (optional)
   Electronics Renewal, LLC

B. E-MAIL CONTACT AT FILER (optional)
   wburrows@electronicsrenewal.com

C. SEND ACKNOWLEDGEMENT TO: (Name and Address)
   Electronics Renewal, LLC
   1150 Antioch Pike
   Suite #400
   Nashville, TN 37211 USA

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: **Staymobile Venture, LLC**

1c. MAILING ADDRESS: 175 Chastain Meadows Court
CITY: Kennesaw
STATE: GA
POSTAL CODE: 30144
COUNTRY: USA

2. DEBTOR'S NAME: (blank)

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: **Electronics Renewal, LLC dba The Goldie Group**

3c. MAILING ADDRESS: 1150 Antioch Pike Suite #400
CITY: Nashville
STATE: TN
POSTAL CODE: 37211
COUNTRY: USA

4. COLLATERAL: This financing statement covers the following collateral:

All Assets of the company.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
   ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
   ☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☒ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)