UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC

Chapter 7
Case No. 22-43781-lsg
Hon. Lisa S. Gretchko

Debtor(s)
_____/

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE AND SETTLE CLAIMS AGAINST UPPER EDGE TECHNOLOGIES, INC.

NOW COMES Timothy J. Miller, the Chapter 7 Trustee of the bankruptcy estate of Staymobile Venture LLC, by and through his counsel OSIPOV BIGELMAN, P.C. and states as follows:

### JURISDICTION

1. This Court has jurisdiction over compromises concerning property of the estate pursuant to 28 U.S.C. § 157.

2. This matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2).

3. The Trustee brings this Motion in accordance with Fed. R. Bankr. P. 9019.

### FACTUAL STATEMENT

4. Staymobile Venture, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the bankruptcy code on May 9, 2022 (the "Petition Date").

5. The Trustee was appointed the Chapter 7 Trustee of Debtor's bankruptcy estate (the "Estate").

6. During the 90-day period prior to the Petition Date, the Debtor made transfers to Upper Edge Technologies, Inc. ("Defendant") in the amount of $28,364.90 (the "Transfers").

7. The Trustee alleged the Transfers were avoidably and recoverable pursuant to 11

U.S.C. § 547 and 550 (the "Trustee's Claims").

8. Defendant alleged it was entitled to certain defenses to the Trustee's Claims pursuant to 11 U.S.C. §547(c).

9. Specifically, Defendant alleged that:

   i. The Transfers were made in the ordinary course of business affairs of the parties and/or made according to ordinary business terms; and

   ii. Defendant provided subsequent new value of $24,275.00 after the Transfers.

10. In an effort to resolve this matter in a cost efficient and expedient manner without the burden of litigation, the parties have agreed to a settlement agreement, subject to Court approval. See Settlement Agreement and Mutual Release attached hereto as **Exhibit 4** (the "Settlement Agreement").

11. The basic terms of the Settlement Agreement are that the Defendant shall pay the Trustee $5,000.00, with a mutual release in full between the parties regarding the Trustee's Claims.

## ARGUMENT

12. It is generally held that a bankruptcy court may approve a settlement if it is fair and equitable, and in the estate's best interest. *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir., 1988); *In Re American Reserve Corp.*, 849 F.2d 159, 161 (7th Cir., 1987).

13. Four factors are relevant to the bankruptcy court's review of a proposed compromise:

   a. The probability of success in the litigation;

   b. The difficulties, if any, to be encountered in the matter of collection;

   c. The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and

    d.  The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Jackson Brewing Co.*, 624 F.2d 605, 607 (5th Cir., 1980); *In Re American Reserve Corp.*, 841 F.2d 161; *In Re Woodson*, 839 F.2d 610, 620 (9th Cir., 1998).

  14. Trustee, in recommending that this Court approve the Settlement Agreement, has given due weight to the four (4) criteria set forth in *In re Jackson Brewing Co.* and believes the Settlement Agreement is fair and equitable and in the best interest of the estate. Among other things, the Trustee has considered the potential cost and expense of litigation, the fact that the Settlement Agreement brings immediate funds into the Estate. These factors weigh in favor of approval of the Settlement Agreement.

  15. The Trustee has provided notice to creditors of the proposed compromise of the claim in accordance with L.B.R. 9014-1 (E.D.M.).

  **WHEREFORE,** the Trustee respectfully requests this Honorable Court grant this Motion and approve the compromise by entering the proposed order attached hereto as **Exhibit 1**.

              Respectfully submitted,

              **OSIPOV BIGELMAN, P.C.**

Dated: October 20, 2023     /s/ David P. Miller
              DAVID P. MILLER (P79911)
              JEFFREY H. BIGELMAN (P61755)
              Attorneys for Timothy J. Miller, Trustee
              20700 Civic Center Drive, Suite 420
              Southfield, MI 48076
              Tel: 248.663.1800 / Fax: 248.663.1801
              dm@osbig.com

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC

Chapter 7
Case No. 22-43781-lsg
Hon. Lisa S. Gretchko

Debtor(s)
_____/

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE
AND SETTLE CLAIMS AGAINST UPPER EDGE TECHNOLOGIES, INC.**

This matter came before the Court upon the Trustee's Motion for Order Authorizing Trustee to Compromise and Settle Claims Against Upper Edge Technologies, Inc. ("Motion"; ECF No. __). Notice of the Motion was served on all parties required pursuant to applicable rules. No objection was timely filed, and a certification of no response has been filed. The Court has reviewed the Motion and is advised in the premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that the Trustee is authorized to enter into the settlement agreement attached to the Motion as **Exhibit 4**.

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　　Case No. 22-43781-lsg
　　　　　　　　　　　　　　　　　　　　　　　Hon. Lisa S. Gretchko

　　　　　　Debtor(s)
_____/

**NOTICE OF TRUSTEE'S MOTION FOR
ORDER AUTHORIZING TRUSTEE TO COMPROMISE
AND SETTLE CLAIMS AGAINST UPPER EDGE TECHNOLOGIES, INC.**

TO:　ALL CREDITORS AND PARTIES IN INTEREST

　Timothy J. Miller, Trustee has filed papers with the Court entitled Trustee's Motion for Order Authorizing Trustee to Compromise and Settle Claims Against Upper Edge Technologies, Inc., which states:

___

　NOW COMES Timothy J. Miller, the Chapter 7 Trustee of the bankruptcy estate of Staymobile Venture LLC, by and through his counsel OSIPOV BIGELMAN, P.C. and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over compromises concerning property of the estate pursuant to 28 U.S.C. § 157.
2. This matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2).
3. The Trustee brings this Motion in accordance with Fed. R. Bankr. P. 9019.

**FACTUAL STATEMENT**

4. Staymobile Venture, LLC ("Debtor") filed a voluntary petition under Chapter 7 of the bankruptcy code on May 9, 2022 (the "Petition Date").
5. The Trustee was appointed the Chapter 7 Trustee of Debtor's bankruptcy estate (the "Estate").
6. During the 90-day period prior to the Petition Date, the Debtor made transfers to Upper Edge Technologies, Inc. ("Defendant") in the amount of $28,364.90 (the "Transfers").
7. The Trustee alleged the Transfers were avoidably and recoverable pursuant to 11 U.S.C. § 547 and 550 (the "Trustee's Claims").
8. Defendant alleged it was entitled to certain defenses to the Trustee's Claims pursuant to 11 U.S.C. §547(c).
9. Specifically, Defendant alleged that:
　　i. The Transfers were made in the ordinary course of business affairs of the parties and/or made according to ordinary business terms; and

ii. Defendant provided subsequent new value of $24,275.00 after the Transfers.

10. In an effort to resolve this matter in a cost efficient and expedient manner without the burden of litigation, the parties have agreed to a settlement agreement, subject to Court approval. See Settlement Agreement and Mutual Release attached hereto as **Exhibit 4** (the "Settlement Agreement").

11. The basic terms of the Settlement Agreement are that the Defendant shall pay the Trustee $5,000.00, with a mutual release in full between the parties regarding the Trustee's Claims.

## ARGUMENT

12. It is generally held that a bankruptcy court may approve a settlement if it is fair and equitable, and in the estate's best interest. *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir., 1988); *In Re American Reserve Corp.*, 849 F.2d 159, 161 (7th Cir., 1987).

13. Four factors are relevant to the bankruptcy court's review of a proposed compromise:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Jackson Brewing Co.*, 624 F.2d 605, 607 (5th Cir., 1980); *In Re American Reserve Corp.*, 841 F.2d 161; *In Re Woodson*, 839 F.2d 610, 620 (9th Cir., 1998).

14. Trustee, in recommending that this Court approve the Settlement Agreement, has given due weight to the four (4) criteria set forth in *In re Jackson Brewing Co.* and believes the Settlement Agreement is fair and equitable and in the best interest of the estate. Among other things, the Trustee has considered the potential cost and expense of litigation, the fact that the Settlement Agreement brings immediate funds into the Estate. These factors weigh in favor of approval of the Settlement Agreement.

15. The Trustee has provided notice to creditors of the proposed compromise of the claim in accordance with L.B.R. 9014-1 (E.D.M.).

**WHEREFORE,** the Trustee respectfully requests this Honorable Court grant this Motion and approve the compromise by entering the proposed order attached hereto as **Exhibit 1**.

---

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion or objection, or if you want the court to consider your views on the motion or objection, within **twenty-one (21)** days of the date of this notice, you or your attorney must:

1. File with the court a written response or an answer[1], explaining your position at:

**United States Bankruptcy Court**
**211 West Fort Street, Suite 2100**
**Detroit, Michigan 48226**

If you mail your response to the court for the filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

| | |
|---|---|
| David P. Miller, Esq. | Office of the U.S. Trustee |
| OSIPOV BIGELMAN, P.C. | 211 W. Fort Street, Suite 700 |
| 20700 Civic Center Drive, Suite 420 | Detroit, Michigan 48226 |
| Southfield, MI 48076 | |

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the matter, and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

Respectfully submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: October 20, 2023

/s/ David P. Miller
DAVID P. MILLER (P79911)
JEFFREY H. BIGELMAN (P61755)
Attorneys for Timothy J. Miller, Trustee
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Tel: 248.663.1800 / Fax: 248.663.1801
dm@osbig.com

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

**EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC            Chapter 7
                                                             Case No. 22-43781-lsg
                                                             Hon. Lisa S. Gretchko

                 Debtor(s)
_____/

**CERTIFICATE OF SERVICE**

Re:    Trustee's Motion for Order Authorizing Trustee to Compromise and Settle Claims Against Upper Edge Technologies, Inc., Exhibit 1 – Proposed Order, Exhibit 2 – Notice of Motion, and Exhibit 3 – Certificate of Service, and Exhibit 4 – Settlement Agreement and Mutual Release

I hereby certify that on October 20, 2023, I served the foregoing paper(s) with the Clerk of the Court using the Electronic Case Files system which will send electronic notification of such filing to the United States Trustee, Debtor, and any additional parties that requested electronic service of documents filed in this case.

I also certify that on October 20, 2023, I served a copy of Exhibit 2 – Notice of Motion via First Class Mail, with sufficient prepaid postage, to the debtor, the trustee, all indenture trustees, creditors that hold claims for which proofs of claim have been filed and creditors that may still file timely claims, pursuant to Local Bankruptcy Rule 2002-2.

                                                  Respectfully submitted,

                                                  **OSIPOV BIGELMAN, P.C.**

Dated: October 20, 2023              /s/ Monique Kallabat
                                                  MONIQUE KALLABAT
                                                  Legal Assistant
                                                  20700 Civic Center Drive, Suite 420
                                                  Southfield, MI 48076
                                                  Tel: 248.663.1800 / Fax: 248.663.1801
                                                  mk@osbig.com

**EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

STAYMOBILE VENTURE LLC          Chapter 7
                                                   Case No. 22-43781-lsg
                                                   Hon. Lisa S. Gretchko

         Debtor(s)
_____/

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

[see following page(s)]

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Timothy J. Miller, solely as chapter 7 trustee (the "Trustee") for the estate of Staymobile Venture LLC (the "Debtor"), and not in any individual capacity, on the one hand, and Upper Edge Technologies, Inc. ("Defendant") on the other hand. (Defendant and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party").

### BACKGROUND

WHEREAS, on May 9, 2022 (the "Petition Date"), the Debtor commenced a case (the "Chapter 7 Case") by filing a voluntary petition for relief in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") being case number 22-43781-lsg; and

WHEREAS, Timothy J. Miller was duly appointed as the Trustee in the Chapter 7 Case; and

WHEREAS, the Debtor and Defendant had various business relationships and/or dealings prior to the Petition Date; and

WHEREAS, the Trustee asserted that the Trustee was entitled to avoid and recover, pursuant to Bankruptcy Code sections 547 and 550, alleged transfers made by the Debtor to Defendant in the amount of $28,364.90 during the 90-day period prior to the Petition Date (the "Trustee's Claims"); and

WHEREAS, on April 10, 2023, the Trustee filed a Complaint in the Bankruptcy Court asserting the Trustee's Claims against Defendant, thereby initiating Adversary Proceeding No. 23-04151-lsg (the "Adversary Proceeding"); and

WHEREAS, the Defendant alleged that it was entitled to certain defenses to the Trustee's Claims pursuant to Bankruptcy Code section 547(c); and

WHEREAS, rather than proceed with litigation concerning the Trustee's Claims, the Parties engaged in good faith, arms' length negotiations to resolve the Trustee's Claims in their entirety.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Amount.** Within ten (10) business days after execution of this Settlement Agreement by all Parties, Defendant shall pay to the Trustee the total sum of $5,000.00 in full and complete settlement of the Trustee's Claims (the "Settlement Amount"). The Settlement Amount shall be made payable to "Timothy J. Miller, as Chapter 7 Trustee of Staymobile Venture LLC," and mailed to OSIPOV BIGELMAN, P.C., Attn: David P. Miller, Esq., 20700 Civic Center Drive, Suite 420, Southfield, MI 48076, or in accordance with instructions

1

provided by the Trustee in writing. In the event the Settlement Agreement is not approved by the Bankruptcy Court upon motion of the Trustee as referenced in paragraph 11 herein, the Trustee will return the Settlement Amount to the Defendant within ten (10) business days of the Court's refusal.

3.  **Default Provisions**. In the event the Defendant fails to pay the Settlement Amount pursuant to the timing in paragraph 2 *supra*, the Trustee shall provide the Defendant (through their attorneys of record) with written notice of the breach. The Trustee will also provide Defendant with a seven (7) day period from the date of notice to cure the breach. Notices of the breach shall be provided by electronic mail and overnight mail to the counsel of record:

> **JONES & ASSOCIATES**
> Roland Gary Jones, Esq.
> New York Bar No. RGJ-6902
> 1325 Avenue of the Americas
> 28th Floor
> New York, NY 10019
> Tel: (347) 862-9254
> Fax: (212) 202-4416
> Email: rgj@rolandjones.com
>
> and
>
> **TAFT LAWT**
> Kimberly Ross Clayton
> 27777 Franklin Rd. Suite 2500
> Southfield MI 48034
> (248) 727-1635
> kclayson@taftlaw.com

4.  **Settlement Effective Date.** The effective date (the "Settlement Effective Date") of this Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) entry of an order of the Bankruptcy Court approving this Settlement Agreement that is final, non-appealable and no longer subject to appeal; and (ii) the Trustee has received the Settlement Amount in good funds.

5.  **Trustee's Release.** Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Defendant, as well as its members, shareholders, partners, officers, directors, professionals, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators or successors or assigns, in each case solely in such capacities, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Trustee's Claims; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6. **Defendant's Release.** Effective on the Settlement Effective Date, the Defendant, for itself as well as its members, shareholders, partners, officers, directors, professionals, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators or successors or assigns, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee and his respective retained professionals, successors and assigns, in each case solely in such capacities, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Trustee's Claims. However, for the avoidance of doubt, this release does not affect the Defendant's asserted proof of claim in the amount of $28,659 (the "Asserted Claim"). The foregoing release shall not limit nor be deemed to limit the rights of the Defendant to enforce this Settlement Agreement in accordance with its terms.

7. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Trustee's Claims.

8. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the Trustee's Claims and this Settlement Agreement.

9. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity, and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

10. **Miscellaneous.**

    (a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

    (b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

    (c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors.



3

(d) This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Michigan without regard to any choice of law provisions.

(e) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f) The Bankruptcy Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement Agreement.

(g) Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the Trustee's Claims is hereby tolled until the Settlement Effective Date. Nothing in this Settlement Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defenses as of the date this Settlement Agreement is executed as set forth below.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i) In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k) This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of all parties hereto or order of the Bankruptcy Court.

(l) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

11. **Bankruptcy Court Approval.** Within seven (7) business days of Trustee's receipt of the Settlement Amount, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Until and unless the Bankruptcy Court enters an order of approval, this Agreement shall be null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed with the exception of the extension of the statute of limitations, which extension shall survive.

12. **Dismissal of Adversary Proceeding.** Within ten (10) business days after the Settlement Effective Date, the Parties shall file a stipulation of dismissal in the Adversary Proceeding.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

TIMOTHY J. MILLER, CHAPTER 7 TRUSTEE

By: _____    Date: 10-9-23
Timothy J. Miller, solely in his capacity as
Chapter 7 Trustee of Staymobile Venture LLC


UPPER EDGE TECHNOLOGIES, INC.

By: _____    Date: 10/5/23
Name: Joshua Wilson
Title: CFO

5