UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case Number: 22-43781-lsg

**STAYMOBILE VENTURE LLC,**  Chapter 7

Debtor.  Hon. Lisa S. Gretchko
_____/

**UNITED STATES TRUSTEE'S CORRECTED OBJECTION
TO TRUSTEE'S MOTION TO COMPROMISE AND SETTLE CLAIMS
AGAINST BRIAN EISENBERG, KENNETH EISENBERG, AND STEPHEN
EISENBERG, KENWAL INVESTMENT GROUP, LLC, FRANK
JERNEYCIC, HONIGMAN LLP, ALAN SCHWARTZ,
<u>AND MATTHEW RADLER</u>**

Andrew R. Vara, United States Trustee, states as follows:

1. The Debtor filed its Chapter 7 case on May 9, 2022.

2. Timothy J. Miller is the Chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee").

3. The Trustee filed his Motion to Compromise and Settle Claims Against Brian Eisenberg, Kenneth Eisenberg, and Stephen Eisenberg, Kenwal Investment Group, LLC, Frank Jerneycic, Honigman LLP, Alan Schwartz, and Matthew Radler (the "Motion") on January 26, 2024 [Doc. No. 481].

4. In general, bankruptcy courts may approve a settlement if it is fair and equitable, and in the estate's best interest. *Reynolds v. C.I.R.,* 861 F.2d 469, 473 (6th Cir. 1988); *In Re American Reserve Corp.,* 849 F.2d 159, 161 (7th Cir. 1987).

5. Four factors are relevant to the bankruptcy court's review of a proposed compromise: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002); *In Re Jackson Brewing Co.,* 624 F.2d 605, 607 (5th Cir. 1980); *In Re American Reserve Corp.,* 841 F.2d 161, 161-62 (7th Cir. 1987); *In Re Woodson,* 839 F.2d 610, 620 (9th Cir. 1998).

6. As part of the settlement approval process, courts "compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson ("TMT Trailer"),* 390 U.S. 414, 424 (1968).

7. The United States Trustee objects to the Motion for the following reasons.

**The Motion Fails to Provide Sufficient Information to Find that the Proposed Settlement is Fair and Equitable.**

8. The Debtor's sole member and manager is Kenwal Investment Group, LLC ("Kenwal"). It is owned by Brian Eisenberg, Kenneth Eisenberg and Stephen Eisenberg (collectively, the "Eisenbergs").

9. In general, the proposed settlement contemplates a payment to the Trustee by the Eisenbergs and Kenwal in the amount of $750,000 in exchange for waiver of the bankruptcy estate's claims against the Eisenbergs, Kenwal, Frank Jerneycic, Honigman LLP, Alan Schwartz, and Matthew Radler.

10. Specifically, the Motion indicates that the estate has a fraudulent transfer claim against Kenwal based on a transaction in which the Debtor released its claim against its former CEO, Brian Hutto, for various intentional torts, in exchange for Mr. Hutto's transfer of his 12.5% interest in Kenwal to Kenwal; the Debtor received nothing. Motion, pp. 3-4, para. 19.A. However, no information is provided that would enable a party to determine the potential monetary value of this claim.

11. The Motion indicates the estate has fraudulent transfer claims against Honigman LLP, Kenwal, and the Eisenbergs, because the Debtor was invoiced and paid Honigman LLP for work that was actually done for Kenwal and the Eisenbergs. Motion, p. 4, para. 19.C. However, no information is provided that would enable a party to determine the potential monetary value of these claims, such as the amount of the relevant invoices.

12. The Motion indicates that the estate has breach of fiduciary duty claims against Honigman LLP and two of its attorneys, Alan S. Schwartz and Matthew E. Radler, based on the Hutto settlement described in paragraph 10 above. Motion, p.

5, para. 19.F. However, no information is provided that would enable a party to determine the potential monetary value of these claims.

13. The Motion indicates that the debtor has breach of fiduciary duty, aiding and abetting, claims against the Eisenbergs, Mr. Jerneycic, Honiman LLP, Mr. Schwartz, and Mr. Radler, based on the Debtor's sales of assets for a loss, misusing revenues, failure to maintain certain reserves, failure to fund certain premiums, and causing to the Debtor to engage in the fraudulent transfers described above. Motion, p. 5, para. 19.G. However, no information is provided that would enable a party to determine the potential monetary value of these claims.

14. The Motion indicates the estate has malpractice claims against Honigman LLP, Mr. Schwartz, and Mr. Radler, based on the transactions described in the Motion. Motion, p. 5-6, para. 19.H. However, no information is provided that would enable a party to determine the potential monetary value of these claims.

15. Without information as to the value of these various claims, parties cannot determine whether the proposed settlement is fair and equitable, and in the estate's best interest. For example, it cannot be determined whether the proposed settlement amount appropriately accounts for the Debtor's claims against Honigman LLP, two of its attorneys, and Mr. Jerneycic, notwithstanding the fact that those parties do not appear to be financially contributing to the settlement.

16. The Motion also fails to address the difficulties, if any, to be encountered in the matter of collection, other than to note that the settling parties deny liability and would defend against the Trustee's claims.

**The Proposed Settlement Includes a Bar of Litigation Claims that Could Enjoin Third Parties' Independent Claims**

17. The proposed settlement includes a third-party bar of litigation claims against the settling parties.

18. The Motion describes the requested litigation bar as applying only to actions that the Trustee could have brought, which are property of the estate.

19. However, the Motion seeks approval of settlement language that would bar third parties from bringing claims against the settling parties not only for the Trustee's claims, but also claims that "relate to" or "arise from" such claims. Motion, p. 7.

20. The "relate to" or "arise from" language is overly broad and could include independent claims of third parties that are not estate assets. *See In re Greektown Holdings, LLC,* 728 F.3d 567, 578 (6th Cir. 2013) (holding similar litigation bar language to be overly broad because it has the potential to bar claims for independent damages).

21. The Motion should be denied as third parties should not be barred from litigating claims that do not belong to the bankruptcy estate.

**WHEREFORE,** the United States Trustee requests that the Motion be denied.

                        Respectfully submitted,

                        **ANDREW R. VARA**
                        **UNITED STATES TRUSTEE**
                        Regions 3 and 9

     By    /s/ Timothy R. Graves____
                Trial Attorney
                Office of the U.S. Trustee
                211 West Fort St - Suite 700
                Detroit, Michigan 48226
                (313) 226-7259
                Timothy.Graves@usdoj.gov
                [P64622]

Dated: March 5, 2024

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case Number: 22-43781-lsg

**STAYMOBILE VENTURE LLC,**  Chapter 7

    Debtor.  Hon. Lisa S. Gretchko
_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on March 5, 2024, I electronically filed the United States Trustee's Corrected Objection to the Trustee's Motion to Compromise and Settle Claims Against Brian Eisenberg, Kenneth Eisenberg, and Stephen Eisenberg, Kenwal Investment Group, LLC, Frank Jerneycic, Honigman LLP, Alan Schwartz, and Matthew Radler using the ECF System, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    **ANDREW R. VARA**
    **UNITED STATES TRUSTEE**
    Regions 3 and 9

By    /s/ Timothy R. Graves____
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort St - Suite 700
    Detroit, Michigan 48226
    (313) 226-7259
    Timothy.Graves@usdoj.gov
    [P64622]

Dated: March 5, 2024